Gueen, J.
delivered the opinion of the court.
This case is a proceeding against the plaintiff in error under its charter, by the defendant Quinby, by writ of ad quod damnum, to recover damages, by reason of the laying out said, road on her land. The jury awarded $200, and the county court gave judgment therefor; from which judgment the Turnpike Company appealed.
The plaintiff in error, failing to file the record in the circuit court, fifteen days before the commencement of its term, as the act of 1794 requires, the defendant in error, moved the court for an affirmance of judgment, as said act authorizes. The plaintiff in error resisted this motion, and read the affidavit of the clerk of the county court, in which he states “that a month or so before the setting of the circuit court, the attorney for Quinby, came into his office, and enquired whether the re *480 cord in this case had been carried up by the defendant: affiant informed him it had not, and he told affiant to let it, be until called for by the defendant. Many causes are compromised after the appeal is prayed, and for this reason affiant has ceased his former habit of making out and filing records, unless requested by one of the parties; and he thinks he probably would not have filed the record in this case, if the attorney for Quinby had said nothing about it.”
The court gave judgment on the motion, affirming the judgment of the county court, from which judgment the plaintiff in error appealed to this court. It is now insisted that the county court judgment was void, and therefore could not be the foundation of a valid judgment in the circuit court.
, 1. It is said this is a summary proceeding, and the record shows that the requisites of the law have not been strictly pursued — and therefore, the judgment is void. We do not understand this to be h summary proceeding, in the sense in which that term is used, in relation to tax sales, judgments by motion, &c. Those proceedings are in derogation of the common law, which requires that the defendant shall be proceeded against by the proper form of action, having notice, and a day in court. When, therefore, a party is adjudged to pay money, on motion, without notice, or to have his land sold by an ex-porte proceeding, consisting of the report of the sheriff, and the judgment of the court; it has been deemed reasonable, that he who claims a benefit under such proceeding, should be required to show that the forms of the proceeding prescribed by .the statute, have been strictly pursued. But this proceeding, by the writ of ad quod damnum to assess damages, when the land of the party is taken for a public easement, is not a derogation of the common law, but is in accordance with its provisions. If, therefore, the court had jurisdiction of the party, and of the subject matter, although its proceedings may be erroneous, yet the judgment is not void.
*481 2. It is next insisted that the act of incorporation of this company, authorizing this proceeding, is unconstitutional, because it does not apply equally to all Turnpike Companies. There is no analogy between this case and the case of the State vs. Budd, 3 Humph. R. 483. In that case, the charter of the Union Bank declared that an act done by the clerks ofthat bank, should be felony; which was not a felony if perpetrated by other clerks — and thus the legislation was partial, and hence not the law of the land. But in this case, a remedy is conferred in favor of the owners of land, against the corporation, and the Turnpike Company complain of the law as partial — certainly the Company have no right to complain — for the charter with the provisión in it was tendered to them, and they subscribed the stock, and organized the company, with a full knowledge of the privileges and liabilities it created.
3. It is said the act of 1794, under which this judgment was affirmed, has no application to'our present system, because it applied to the superior courts, which at that time were the supreme court of the state. It is true, in 1794, the superior courts were the courts of the last resort; but it is also true, that in the change of the system in 1809, the jurisdiction of the superior courts was conferred on the circuit courts; and in all cases where an appeal had been allowed from the county to the superior courts, thenceforward, an appeal lay to the circuit courts, subject to the same rules of practice.
4. It is said that in this case, there ought not to be a strict application of this act of assembly, in favor of the defendant in error, because his attorney intermeddled with the clerk, and prevented the record from being filed in time. We do not think the attorney, for Quinby, can be regarded as having inter-meddled in this affair. We had a very natural solicitude to know whether the appeal would be prosecuted, and did nothing more than ask for information, whether it had been taken up. When asked by the clerk if he wanted the record, he said no, *482 let it be, until the defendants call for it. This conversation could, properly, have no influence upon the clerk, to prevent him from filing the record, was evidently not intended to produce s.uch result; and from the clerk’s own statement, it is manifest, exerted no influence upon him.
We are therefore of opinion, there is no error in the judgment of the circuit court, and order that it be affirmed.